**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Nicholas Corrow,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Nassau Correctional Center,<br><br>                              Defendant. | | 2:24-cv-3649<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court are two motions to proceed in forma pauperis ("IFP") filed by pro se

plaintiff Nicholas Corrow ("Corrow") while incarcerated at the Nassau County Correctional

Center in relation to his civil rights Complaint brought pursuant to 42 U.S.C. § 1983 ("Section

1983"). (IFP Mot., ECF Nos. 7, 9; Compl., ECF No. 1.) Upon review, the Court finds that

Corrow's responses on the IFP Motions qualify him to commence this action without

prepayment of the filing fee. Accordingly, the IFP Motions are granted. However, as set forth

below, the Complaint does not allege any plausible claims and is thus dismissed pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**BACKGROUND**

On September 12, 2024, Corrow filed a Complaint against the Nassau County

Correctional Center but did not pay the filing fee or file an IFP motion. (ECF No. 1.)

Accordingly, by Notice of Deficiency dated September 17, 2024, the Court instructed Corrow to,

within 14 days, either pay the filing fee or complete and return the enclosed IFP application and

Prisoner Litigation Authorization form ("PLA"). (Not., ECF No. 5.) On October 21, 2024,

Corrow untimely filed an IFP Motion (ECF No. 7) and, on October 25, 2025, he filed another IFP Motion (ECF No. 9.) However, Corrow did not file the required PLA. Accordingly, by Notice of Deficiency dated November 1, 2024, Corrow was instructed to complete and return the enclosed PLA within 14 days in order for his case to proceed. (Not., ECF No. 11.) On November 18, 2024, Corrow untimely filed the PLA. (PLA, ECF No. 12.) Notwithstanding the late filings, the Court accepts the IFP Motions and PLA.

## I.    The Complaint[1]

The Complaint names the Nassau Correctional Center ("the Jail") as the sole defendant. It alleges, in its entirety, that the following events occurred from September 5, 2024 through October 5, 2024, while Corrow was housed in the Jail's "B305 BMU/SHU/Box Behavioral Modification Unit":

> Place in Nassau's version of Box/SHU program called BMU (Behavior Modification Unit). This illegal tier block that the Holt Bill Law deemed unjust to cut inmates off from general population. Not allowed commissary. Mold growing in cells. Bodily fluids splashed all over walls/ceilings left to fester. Not allowed a drinking cup in cells when no meal is served. No water fountain to drink clean water. No sprinkler systems to ensure fire safety. Not allowed a toothbrush, spoon. Kept in solitary, over 15 days – then some after United Nations adopted a law 15 days or longer is considered torture. Allowed free time from 7am-3pm out of the cell, however from 7am -10am no phones or TI allowed – no proper way to communicate with legals – loved ones till 10 am on a 20 cell block with two phones only allowed 99 minutes of phone time per week which includes lawyer phone calls. Plexiglass placed over all bars on the tier with zero ventilation. Black mold in shower head and on shower ceiling that the facility simply covers with paint. This illegal tier exists on a General population floor through a loophole. Nassau Correctional Center has the inmates in B305 down as general population and we have no access to the law library to utilize the tools to fight our case.

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(Compl. ¶ II.) In the space that calls for a description of any injuries suffered, as well as any medical treatment required and/or received, as a result of the alleged events, the Complaint alleges: "Mentally experiencing a hardship after being forced to endure isolation and severely starved. Physically in pain from mold exposure & lung ingestion." (*Id*. ¶ II.A.) For relief, Corrow seeks to recover a monetary award in an unspecified sum in punitive and compensatory damages. (*Id*. ¶ III.)

## LEGAL STANDARDS

### I.  In Forma Pauperis

Upon review of Corrow's IFP Motions, the Court finds that Corrow is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the IFP Motions (ECF Nos. 7, 9) are granted.

### II.  Sufficiency of the Pleadings

Given that Corrow is proceeding IFP, the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity . . . ." 28 U.S.C. § 1915A(a). The Prison Litigation Reform Act and the IFP statute, 28 U.S.C. § 1915, instruct that "the court shall dismiss the case at any time if the court determines that . . .  the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1)-(2). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

3

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99,

4

112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I.    Section 1983 Claim

Given that Corrow alleges a deprivation of his constitutional rights, the Court construes the Complaint as bringing a claim under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. United States Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519.

### A.  The Jail Has No Independent Legal Identity

Corrow's Section 1983 claim necessarily fails because he has not named a proper party. The Jail, as an administrative arm of the municipality, Nassau County, is without an independent legal identity and cannot be sued. *See*, *e.g.*, *Holmes v. Groder*, No. 23-cv-4140, 2024 WL

2054950, at *8 (E.D.N.Y. May 8, 2024) (finding that the same Jail was not a proper party because it is an administrative arm of Nassau County and, "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"); *Harris v. Med. Unit, Yamphank*, No. 23-cv-6839, 2024 WL 1934448, at *1 (E.D.N.Y. May 2, 2024) (sua sponte dismissing Section 1983 claims against the Suffolk County Correctional Facility, among others, because it is an "administrative arm . . . of the County of Suffolk [and] lack[s] the capacity to be sued"). Accordingly, Corrow's Section 1983 claim does not name the proper defendant and thus is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

In light of Corrow's pro se status, the Court has also considered whether the Complaint plausibly alleges a claim against the municipality, Nassau County. For the reasons set forth below, it does not.

## B. Municipal Liability Under Section 1983

In order to prevail on a Section 1983 claim against a municipal entity such as Nassau County, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees 'by application of the doctrine of *respondeat superior*.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of*

6

*Cincinnati*, 475 U.S. 469, 478 (1986)).

Corrow has not alleged any facts from which this Court could reasonably construe that the challenged conditions of his confinement at the Jail exist pursuant to a municipal custom, policy or practice. Rather, Corrow describes solely his own personal experience on the subject tier. Accordingly, these claims are dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. Conditions of Confinement

Even if Corrow had plausibly alleged a basis to impose municipal liability, his claim fails for the additional reason that he has not plausibly alleged facts sufficient to state a deliberate indifference claim challenging conditions of confinement under Section 1983. Such a claim is governed by the Fourteenth Amendment's Due Process Clause in the case of a pretrial detainee and by the Eighth Amendment's prohibition on cruel and unusual punishment in the case of an inmate incarcerated post-conviction. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of conviction status, the Constitution requires that prison officials "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" (internal quotation marks and citation omitted)). A plausible conditions of confinement claim requires a showing that the defendant "acted with deliberate indifference to the challenged conditions." *See*, *e.g.*, *Sanders v. City of New York*, No. 16 Civ. 7426 (PGG), 2018 WL 3117508, at *6 (S.D.N.Y. June 25, 2018). In order to succeed on a deliberate indifference claim, the plaintiff must satisfy two prongs: (1) "an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process" and (2) "a 'subjective

prong' . . . showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at at 29.

"The objective prong is the same under either [the Eighth or Fourteenth] analysis: It requires that the deprivation at issue be, in objective terms, sufficiently serious." *Simmons v. Mason*, No. 17-CV-8886 (KMK), 2019 WL 4525613, at *9 (S.D.N.Y. Sept. 18, 2019) (internal quotation marks and citation omitted). Thus, a plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" *Id.* at 29 (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995)). The subjective prong, however, differs between the Fourteenth and Eighth Amendment analyses. Under the Eighth Amendment, a convicted prisoner must show that a correction officer "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. In contrast, under the Fourteenth Amendment, a plaintiff must plausibly allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Strange v. Westchester Cty. Dep't of Corr.*, No. 17-cv-9968, 2018 WL 3910829, at *2 (S.D.N.Y. Aug. 14, 2018) (internal quotations omitted) (citing *Darnell*, 849 F.3d at 35). This standard is "defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts . . . have subjected the detainee to a substantial risk

of harm." *Darnell*, 849 F.3d at 30.

Here, Corrow has not alleged whether he was a pretrial detainee at the time he was exposed to the challenged conditions or whether he was already convicted. Even affording the Complaint a liberal construction, however, the Court finds that Corrow has not alleged facts from which the Court could reasonably construe satisfaction of the deliberate indifference test under either the Eighth or Fourteenth Amendments. As to the objective prong, Corrow has not plausibly alleged facts supporting the conclusion that the conditions "pose an unreasonable risk of serious damage to his health." For example, Corrow alleges that he is "severely starved" but does not allege that officers at the Jail have deprived him of food. (Compl. ¶ II.) Further, Corrow's allegations of "pain" from exposure to mold in the shower do not establish a risk of serious damage to his health. (*Id.*) As to the subjective prong, Corrow has not named any officers at all, much less that any specific officer acted with deliberate indifference to create inhumane conditions of confinement. (*See generally* Compl.) Thus, Corrow has not plausibly alleged that the conditions at the Jail were constitutionally deficient. Accordingly, Corrow's Section 1983 claim liberally construed as against Nassau County is dismissed without prejudice pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where "all federal-law claims are eliminated before trial, the balance of

factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, in the absence of a plausible federal claim, the Court declines to exercise subject matter jurisdiction over any potential state law claims that may be liberally construed from the Complaint.

### III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Nevertheless, where amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Cuoco*, 222 F.3d at 112; *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

Here, in an abundance of caution, the Court grants Corrow leave to file an amended complaint that names a proper defendant and alleges a plausible claim for relief within thirty (30) days from the date of this Memorandum and Order. *See Cruz v. Gomez*, 202 F.3d 593, 596–98 (2d Cir. 2000) (pro se plaintiffs should be afforded an opportunity to amend complaint prior to dismissal). To be clear, Corrow shall name as defendants, to the best of his ability, the individuals personally involved in the challenged conduct or inaction concerning the conditions of his confinement at the Jail. *See Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003) (stating that plaintiff must show deliberate indifference on the part of a "particular defendant"). While pleading these facts, Corrow should specify what each individual defendant did or failed to do. If Corrow does not presently know the identity of any such individual, he shall name them as a

10

"John Doe" or "Jane Doe" and describe such individuals including the date, time, and location of the alleged constitutional violation in which each John or Jane Doe defendant was involved.

Any amended complaint shall be clearly titled "Amended Complaint," bear docket number 24-cv-3649(NJC)(LGD), and contain a short and plain statement of Corrow's claim against each individual or entity named as a defendant. If Corrow does not timely file an amended complaint, absent a showing of good cause, the Court shall enter judgment and close this case.

## CONCLUSION

For the reasons stated above, this Court grants Corrow's IFP motions (ECF Nos. 7, 9) and dismisses the Complaint (ECF No. 1) as set forth above pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Corrow is granted leave to file an amended complaint to pursue any claims relating to the conditions of his confinement at the Jail as set forth above. (*See supra* at 10–11.)

The Clerk of the Court shall mail a copy of this Memorandum and Order to Corrow at his address of record in an envelope marked "Legal Mail" and shall also record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
　　　　February 22, 2025

　　　　　　　　　　　　　　　　　　　　　_/s/ Nusrat J. Choudhury_
　　　　　　　　　　　　　　　　　　　　　NUSRAT J. CHOUDHURY
　　　　　　　　　　　　　　　　　　　　　United States District Judge

11